IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF ROBERT J. HILTON, Deceased, )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>SECURIAN FINANCIAL GROUP, INC., and PAULA M. OBUCHOWSKI, )<br>)<br>*Defendant* ) | Case No. 1:20-cv-04022 |

## NOTICE OF REMOVAL

Removing party, SECURIAN FINANCIAL GROUP, INC. ("Securian"), by its attorney Jacqueline J. Herring of Smith, von Schleicher & Associates, hereby provides Notice of Removal pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents this Court the following grounds for removal. Co-defendant Paula M. Obuchowski ("Obuchowski"), by her attorney Kristin Suchy of Griffin Williams LLP, joins in and consents to removal. Obuchowski's Joinder and Consent to Removal to Federal Court is attached as Exhibit A.

1. Removing party Securian is a defendant in a Petition for Citation to Recover Assets ("Petition") filed by Krystal R. Hilton, Independent Administrator of the Estate of Robert J. Hilton (the "Estate") in the action captioned *Estate of Robert J. Hilton, Deceased*, No. 2020-P-995, pending in the Circuit Court of Cook County, Illinois, County Department, Probate Division. A copy of the Petition is attached as Exhibit B. The Petition constitutes all of the process, pleadings and orders received by Securian.

2. In the Petition, the Estate seeks payment of life insurance benefits from Securian under an employee welfare benefit plan ("Plan"), sponsored by United Airlines, Inc. and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*

("ERISA"). Life insurance under the Plan is funded by two group life insurance policies issued by Securian Life Insurance Company to United Airlines as Policyholder. Robert J. Hilton (the "Decedent") obtained life insurance coverage under the Plan by virtue of his employment with United Airlines. A copy of the Certificates of Insurance for the group policies is attached as Group Exhibit C.

3.  The Estate initiated this action against Securian and Obuchowski on July 1, 2020 by filing its Petition in the Circuit Court of Cook County, Illinois, County Department, Probate Division. On July 1, 2020, Securian received a copy of the Petition by email transmission from counsel for the Estate. Securian has not been properly served with the Petition. To prevent delay of this action and to save the cost of service of summons by judicial process consistent with Fed. R. Civ. P. 4, Securian hereby voluntarily accepts service of the Petition effective July 1, 2020, the date Securian received a copy of the filed Petition. Based on the date of Securian's voluntary acceptance of service of the Petition, Securian is required to file its Notice of Removal on or before July 31, 2020. Because Notice of Removal has been filed on or before July 31, 2020, Securian's Notice of Removal is timely pursuant to 28 U.S.C. §1441 and §1446.

4.  Securian removes this action pursuant to 28 U.S.C. §1441 *et seq*. based on federal question jurisdiction under 28 U.S.C. §1331. The United States District Court for the Northern District of Illinois, Eastern Division, is the appropriate venue for removal of this action from the Circuit Court of Cook County, Illinois, County Department, Probate Division.

5.  The Estate's claims to recover ERISA life insurance benefits and declare rights to Plan benefits in the Petition, and this civil action, are removable pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441(c) because the Estate's claim against Securian for payment of life insurance benefits under the ERISA Plan is governed by ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

The Plan is an employee welfare benefit plan as defined by ERISA. 29 U.S.C. §1002(1). Section 502(a)(1)(B) completely preempts the claim asserted against Securian in the Petition.

6. Section 502(a)(1)(B) of ERISA allows a beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The Estate alleges entitlement to payment of life insurance benefits from Securian under the Plan and seeks to declare rights to benefits under the Plan. The Estate alleges that the Estate is the "rightful owner of the Policies" and that Securian has failed to release Plan benefits to the Estate, and seeks an Order requiring Securian to pay Plan benefits. (Ex. B, Petition, ¶¶ 20-23, Wherefore clauses). The Estate's claims for payment of ERISA Plan benefits and to declare rights to Plan benefits fall within ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

7. Section 502(a)(1)(B) completely preempts any state law claim asserted in the Petition. Complete preemption under ERISA §502(a) has such "extraordinary pre-emptive power" that it converts certain state law claims into ERISA claims, and confers federal jurisdiction to adjudicate those claims under ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). "'[C]auses of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" *Id.* (quoting *Taylor*, 481 U.S. at 66). *See also Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 613 (6th Cir. 2013) ("[W]hen a state-law claim by its nature falls within the scope of ERISA §1132(a)(1)(B), two consequences follow: first, the claim is deemed to be a federal claim (albeit an invalid one) for purposes of federal-question jurisdiction and thus removal; and second, the claim is preempted.").

3

8. The Estate's claims for payment of ERISA plan benefits and a declaration of a rights against Securian in the Petition is removable under 28 U.S.C. §1441(c). 28 U.S.C. §1441(c) provides, "(1) If a civil action includes—(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." The claim is removable even though the pleading is in the form of a "petition" rather than a complaint. *See Scianna v. Furlong*, 56 F. Supp. 2d 1000, 1002 (N.D. Ill. 1999) (holding that a petition seeking an order to require payment of ERISA benefits filed in a tort action is removable under 28 U.S.C. §1441(c) because "[t]he title of the pleading does not change the fact that [claimant] is seeking first to compel [the Plan] to pay benefits").

9. The Estate's claim for payment of ERISA Plan benefits does not come within the "probate exception" to federal jurisdiction. The claim is distinct from any existing matters pertaining to estate administration. The claim for payment of ERISA Plan benefits involves different legal rights and obligations than any unrelated matters of estate administration. In addition, the judgment sought – payment of Plan benefits – would increase the estate's assets and would not reallocate the estate's assets or otherwise interfere with the probate court's administration of the estate. *See Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008) ("The suit, though based ultimately on the will, is not within the probate exception to federal jurisdiction. The judgment sought would just add assets to the decedent's estate; it would not reallocate the estate's assets among contending claimants or otherwise interfere with the probate court's control over and administration of the estate."); *Singer v. Massachusetts Mutual Life Ins.*

4

*Co.*, 335 F. Supp. 3d 1023, 1031 (N.D. Ill. 2018) (holding probate exception does not apply where judgment sought simply adds assets to the estate); *Wolfram v. Wolfram*, 78 F. Supp. 3d 758, 764 (N.D. Ill. 2015) ("Federal courts may also take jurisdiction over claims that would add assets to an estate currently undergoing probate.") (citing *Gustafson*, 546 F.3d at 400). *See also Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006) (The "probate exception" to federal courts' jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.") (quoting *Marshall v. Marshall*, 547 U.S. 293, 311-312 (2006)).[1]

10. Because the Estate's claim for ERISA Plan benefits is removable within the Court's federal question jurisdiction under ERISA §502(a), any remaining unrelated probate matters, to the extent they exist, are also removable pursuant to 28 U.S.C. §1441(c). 28 U.S.C. §1441(c)(2) specifies that following removal, "the district court shall sever from the action all claims described in paragraph 1(B) [claims not within the original or supplemental jurisdiction of the district court or that have been made nonremovable by statute] and shall remand the severed claims to the State court from which the action was removed." While the federal question ERISA claim remains within the Court's federal question jurisdiction, the Court "shall" sever and remand any remaining unrelated probate matters pursuant to 28 U.S.C. §1441(c)(2).

11. Because there is federal question jurisdiction over the Estate's claim against Securian for payment of Plan benefits pursuant to 28 U.S.C. §1331 based on ERISA §502(a) and the doctrine of complete preemption, Securian is entitled to removal of the entire action and the

---

[1] Indeed, the Petition acknowledges that the potential beneficiaries of the Plan are Obuchowski and the decedent's children, not the Estate. (Ex. B, Petition, ¶¶ 5-11).

5

Petition from state court to federal court pursuant to 28 U.S.C. §1441(c). *See also Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) ("Federal law does not permit a district judge to remand the complete litigation just because portions belong in state court. Judges must exercise the jurisdiction they have been given and may not adopt common-law rules that prefer state over federal adjudication of claims that are within the jurisdiction defined by Congress.").

12. This Court has original jurisdiction over this matter based on federal question jurisdiction, and therefore the action is properly removed to this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1441, and 28 U.S.C. §1446. A copy of the Notice of Filing Notice of Removal to be filed with the Circuit Court of Cook County, Illinois, County Department, Probate Division is attached as Exhibit D.

WHEREFORE, Removing Party SECURIAN FINANCIAL GROUP, INC. requests removal of the above titled action from the Circuit Court of Cook County, Illinois, County Department, Probate Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

                                                 Respectfully submitted,

| | |
|---|---|
| Jacqueline J. Herring (Ill. Bar 6282246)<br>SMITH \| VON SCHLEICHER + ASSOCIATES<br>180 North LaSalle Street, Suite 3130<br>Chicago, Illinois 60601<br>P 312.541.0300 \| F 312.541.0933<br>jackie.herring@svs-law.com | By: */s/ Jacqueline J. Herring*<br>     Attorney for Removing Party/Defendant,<br>     Securian Financial Group, Inc. |

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2020, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system. I further certify that a paper copy of the electronically filed document was served on the individuals addressed below via U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

Brandon E. Peck
Madison R. Clark
Peck Ritchey, LLC
105 W. Adams St., 31st Floor
Chicago, Illinois 60603
kpeck@peckritchey.com

Kristin N. Suchy
Griffin Williams LLP
21 N. Fourth Street
Geneva, Illinois 60134
ksuchy@gwllplaw.com

*/s/ Jacqueline J. Herring*
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
jackie.herring@svs-law.com
Illinois Bar No. 6282246