# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
COUNTY DEPARTMENT, PROBATE DIVISION

| | |
|---|---|
| ESTATE OF | ) |
| | ) |
| ROBERT J. HILTON, | ) Case No. 2020 P 995 |
| | ) |
| Deceased. | ) |

## PETITION FOR CITATION TO RECOVER ASSETS

*NOW COMES* Krystal R. Hilton, Independent Administrator of the Estate of Robert J. Hilton ("Petitioner"), by and through her attorneys Brandon E. Peck and Madison R. Clark, of Peck Ritchey, LLC, and pursuant to 755 ILCS 5/16, petitions this Honorable Court for the issuance of a Citation to Recover Assets of the Decedent from Securian Financial Group, Inc. ("Securian") and Paula M. Obuchowski, and in support thereof, alleges and states as follows:

## COMMON ALLEGATIONS

1. That Robert J. Hilton ("Decedent") died on November 9, 2019.

2. That Petitioner was appointed Independent Administrator of the Estate of Robert J. Hilton, Deceased on February 24, 2020.

3. That at the time of his death, the Decedent held multiple life insurance policies administered by Securian through his employment with United Airlines (the "Policies").

4. That the total benefit amount at issue stemming from the Policies exceeds $215,000. Please see a copy of the claim information viewable on Securian's website, which is attached hereto and made a part hereof as **Exhibit A**.

5. That, on October 11, 2019 at 11:24am CT, a "spouse" was added as a beneficiary under the Policies via SSO from United Airlines from IP Address - 50.244.0.245 - *Comcast Cable - Willowbrook, IL 60527*. Please see a copy of the email dated February 25, 2020, which is attached hereto and made a part hereof as **Exhibit B**.

Page **1** of **10**

6. That, on October 23, 2019 at 3:03 PM, a "spouse" was designated to four benefits as 1/3 Primary to Basic Life Insurance, Employee Life Insurance, CP-PAI-ADD, and VOL-PAI-ADD CT via SSO from United Airlines from IP Address - 104.129.196.85 - *Zscaler - San Jose, CA 95134*. Please see **Exhibit B**.

7. That the Decedent did not have a spouse between October 1, 2019 and the date of his death.

8. That the Policies identify the "spouse" a as Paula M. Obuchowski. Please see **Exhibit B**.

9. That Paula M. Obuchowski and the Decedent were never married.

10. That Paula M. Obuchowski and the Decedent were domiciled together during the entirety of October 1, 2019 through to the time of his death.

11. That at the time of the Decedent's death, the Policies listed Krystal R. Hilton, Justin R. Hilton, and Paula M. Obuchowski as 1/3 Primary beneficiaries. Please see **Exhibit B**.

12. That, during the time in question, the Decedent's medical records show that he was in the ICU following a burn to his esophagus resulting from surgical intervention, for four (4) days and finally discharged with instructions for several weeks of bedrest (the "Records"). Please see a copy of the Records, which is attached hereto and made a part hereof as **Exhibit C**.[1]

13. That, on October 11, 2019, the first date a change was made to the Decedent's policies, the Decedent was in the Intensive Care Unit ("ICU") at Adventist Hinsdale Hospital. Please see **Exhibit C**.

14. That the Decedent was again hospitalized on November 5, 2019. Please see **Exhibit C**.

---

[1] **Exhibit C** contains private health information, which is protected by HIPAA. Petitioner is seeking leave to have **Exhibit C** filed under seal.

15. That following the November 5, 2019 hospitalization the Decedent was diagnosed with sepsis, among other ailments, stemming from complications associated with the surgery that took place following the October 8, 2019 hospitalization. Please see **Exhibit C**.

16. That the Decedent ultimately died of sepsis, among other ailments, on November 9, 2019. Please see **Exhibit C**.

17. That Paula M. Obuchowski has come into possession of assets stemming from the Policies, which rightfully belong to the Estate.

18. That Petitioner has made demands to Paula to return any assets in her possession received from the Policies.

19. That Paula M. Obuchowski intends to permanently deprive the Estate of the assets stemming from the Policies.

20. That the Estate is the rightful owner of the Policies.

21. That Petitioner has made several demands on Securian to not to release the assets held within the Account to the Estate to Paula M. Obuchowski.

22. That Securian has not released the remaining assets stemming from the Policies to the Estate.

23. That Securian intends to permanently deprive the Estate's interest in the assets stemming from the Policies but for Court intervention directing otherwise.

## COUNT I

### LACK OF CAPACITY

24. Krystal hereby restates and realleges Paragraphs 1 through 21 as though fully set forth herein this Paragraph 24 of Count I.

25. That on October 11, 2019, the Decedent was suffering from intense pain associated with the burn to his esophagus. Please see **Exhibit C**.

26. That, on October 11, 2019, the Decedent was under the influence of several medications, including Oxycodone, an opioid. Please see **Exhibit C**.

27. That, on October 11, 2019, the Decedent was in such distress that he was hospitalized in the ICU. Please see **Exhibit C**.

28. That, from October 8, 2019 through his death, the Decedent was developing increasing complications stemming from the surgery associated with the October 8, 2019 hospitalization.

29. That due to the effects of the prescribed medications and complications following his October 8, 2019 hospitalization, the Decedent did not have the capacity to make the October 11, 2019 changes relating to the Policies.

30. That the Decedent's never recovered from his hospitalization ending on October 12, 2019.

31. That from the time the Decedent was discharged to his death, he continued to suffer from complications from his surgery, ultimately leading to his sepsis and death.

32. That the Decedent did not have the capacity to make the October 11, 2019 and October 23, 2019 changes relating to the Policies.

33. That the October 11, 2019 and October 23, 2019 changes relating to the Policies are void.

**WHEREFORE**, Krystal R. Hilton, Independent Administrator of the Estate of Robert J. Hilton, respectfully requests that this Honorable Court enter an Order:

(1) Issuing a citation to recover against respondent Paula M. Obuchowski;

(2) Issuing a citation to recover against respondent Securian Financial Group, Inc.;

(3) Finding that the Decedent lacked the requisite mental capacity to engage in the October 11, 2019 and October 23, 2019 changes regarding the Policies;

(4) Invalidating the October 11, 2019 and October 23, 2019 changes regarding the Policies;

(5) Ordering Paula M. Obuchowski to return all assets distributed to her under the Policies;

(6) Ordering Securian Financial Group, Inc. to distribute all of the benefits under the Policies according to the beneficiary designations in place prior to October 11, 2019;

(7) Awarding Petitioner reasonable attorneys' fees and costs; and

(8) Granting such further relief in Petitioner's favor that this Honorable Court deems appropriate and just under the circumstances.

## COUNT II

### UNDUE INFLUENCE

*This Count II is pled in the alternative to Counts I and III.*

34. Krystal hereby restates and realleges Paragraphs 1 through 33 as though fully set forth herein this Paragraph 34 of Count II.

35. That the Decedent reposed trust and confidence in Paula M. Obuchowski.

36. That Paula M. Obuchowski encouraged the Decedent to add her as a beneficiary to the Policies on multiple occasions.

37. That throughout the course of the Decedent's hospitalizations, Paula M. Obuchowski was consulted by hospital staff regarding health care decisions on behalf of the Decedent. Please see **Exhibit C**.

38. That throughout the course of the Decedent's hospitalizations, Paula M. Obuchowski was documented throughout the Decedent's medical records as his "spouse." Please see **Exhibit C**.

39. That due to Decedent's decline in health, his underlying illness, effects of various drugs, and his reliance on Paula M. Obuchowski, he was susceptible to her undue influence.

40. That Paula M. Obuchowski unduly influenced the Decedent into effecting the October 11, 2019 and October 23, 2019 account changes regarding the Policies.

41. That by way of Paula M. Obuchowski's actions, she was a fiduciary of the Decedent.

42. That the October 11, 2019 and October 23, 2019 account changes regarding the Policies substantially benefited Paula M. Obuchowski to the detriment of the Decedent's Estate.

43. That Paula M. Obuchowski violated her fiduciary duty to the Decedent by influencing the Decedent to change the beneficiaries of the Policies for her own benefit.

44. That as such, the October 11, 2019 and October 23, 2019 account activities and resulting changes to the Policies are void.

**WHEREFORE**, Krystal R. Hilton, Independent Administrator of the Estate of Robert J. Hilton, respectfully requests that this Honorable Court enter an Order:

(1) Issuing a citation to recover against respondent Paula M. Obuchowski;

(2) Issuing a citation to recover against respondent Securian Financial Group, Inc.;

(3) Finding that Paula M. Obuchowski unduly influenced the Decedent concerning the October 11, 2019 and October 23, 2019 changes to the Policies;

(4) Invalidating the October 11, 2019 and October 23, 2019 changes to the Policies;

(5) Ordering Paula M. Obuchowski to return all assets distributed to her under the Policies;

(6) Ordering Securian Financial Group, Inc. to distribute all of the benefits under the Policies according to the beneficiary designations in place prior to October 11, 2019;

(7) Awarding Petitioner reasonable attorneys' fees and costs; and

(8) Granting such further relief in Petitioner's favor that this Honorable Court deems appropriate and just under the circumstances.

## COUNT III

### TORTIOUS INTERFERENCE WITH EXEPECTANCY (AGAINST PAULA M. OBUCHOWSKI ONLY)

*This Count III is pled in the alternative to Counts I and II.*

45. Krystal hereby restates and realleges Paragraphs 1 through 44 as though fully set forth herein this Paragraph 45 of Count III.

46. That Paula M. Obuchowski had access to the Decedent's accounts and password information associated with United Airlines SSO.

47. That Paula M. Obuchowski had previously accessed the Decedent's account to reserve and cancel flights with Krystal R. Hilton and Justin R. Hilton listed as passengers.

48. That United Airlines Benefits Center has confirmed that access to the website to reserve and change flight information through an employee profile grants the user with direct access to update information on the life insurance website through United Airlines' single sign on feature.

49. That, as such, Paula had unfettered access to change any of the Decedent's policies.

50. That, as stated above, on October 11, 2019, changes were made to the Decedent's polices.

51. That, on this date, the Decedent was at Adventist Hinsdale Hospital, which is located at 120 N. Oak Street, Hinsdale, IL 60521.

52. That the location of the hospital is inconsistent with the location associated with the October 11, 2019 account activity originating from Willowbrook, IL 60527.

53. That as such, the October 11, 2019 changes regarding the Policies were not made by the Decedent.

54. That, on October 23, 2020, changes were made to the Decedent's Policies with an IP address located in San Jose, California.

55. That the Decedent was physically present only in the state of Illinois for the entirety of the month of October, including at the time of the change in designation originating from San Jose, CA 95134.

56. That as such, the October 23, 2019 changes regarding the Policies were not made by the Decedent.

57. That the October 11, 2019 and October 23, 2019 changes regarding the Policies are void as a matter of law.

58. That the heirs of the Decedent had an expectation that they would receive the full amount at issue under the Policies as an inheritance from the Decedent upon the Decedent's death.

59. That Paula M. Obuchowski intentionally interfered with the heirs' expectation of inheritance.

60. The plaintiff further claims that there was a reasonable certainty that the plaintiff's expectancy would have been realized but for the defendant's interference.

61. The plaintiff further claims that she has suffered damages as a result of the loss of inheritance.

**WHEREFORE**, Krystal R. Hilton, Independent Administrator of the Estate of Robert J. Hilton, respectfully requests that this Honorable Court enter an Order:

(1) Entering a judgement against Paula M. Obuchowski in favor of the Estate and awarding damages in an amount to be proven at trial.

(2) Invalidating the October 11, 2019 and October 23, 2019 changes regarding the Policies;

(3) Awarding Petitioner attorneys' fees and costs; and

(4) Granting such further relief as this Honorable Court deems appropriate and just under the circumstances.

Respectfully Submitted,

Krystal R. Hilton, Independent Administrator of the Estate of Robert J. Hilton, Deceased

*Madison Clark*
By: One of her attorneys

Brandon E. Peck / Madison R. Clark
Peck Ritchey, LLC
Attorneys for Petitioner
105 W. Adams St., 31st Floor
Chicago, Illinois 60603
(312) 201-0900
bpeck@peckritchey.com
Atty No. 39490

# benefit service center   Benefit Service Center

## View an existing claim

**Claim Number:** 1435569
**Date of Birth:** Redacted /1965
**Deceased's first name:** ROBERT

## Open

Need to send a document to the Claims team? Send it securely.

**Coverage Type:**
### Basic Life

| Status | Status Effective Date | Benefit Issued |
|---|---|---|
| Claim Review In Process * | 02/07/2020 | $43,414.67 |

**Benefit Message:**

\* Partial payment was issued and additional information is needed for remaining amount.

View More

**Coverage Type:**
### Supplemental Life

| Status | Status Effective Date | Benefit Issued |
|---|---|---|
| Claim Review In Process * | 02/07/2020 | $173,658.63 |

**Benefit Message:**

\* Partial payment was issued and additional information is needed for remaining amount.

View More

[ Done ]


EXHIBIT A

Insurance products are issued by Minnesota Life Insurance Company or Securian Life Insurance Company, a New York authorized insurer. Minnesota Life is not an authorized New York insurer and does not do insurance business in New York. Both companies are headquartered in Saint Paul, MN. Product availability and features may vary by state. Each insurer is solely responsible for the financial obligations under the policies or contracts it issues. Securities offered through Securian Financial Services, Inc., Member FINRA/SIPC.

© 2020 Securian Financial Group, Inc. All rights reserved.

| From: | Bou-Rodrigues, Susan |
|---|---|
| To: | Madison Clark |
| Cc: | Brandon Peck; Trisha Remiasz; krystal_hilton1@yahoo.com |
| Subject: | RE: Claim #1435569- Robert Hilton |
| Date: | Tuesday, February 25, 2020 8:06:22 AM |
| Attachments: | image001.png |
| | image003.png |
| | image004.png |

Madison,

I received your letter regarding concerns of incapacitation and potential fraud pertaining to the most recent beneficiary designation on file. Upon further review of the claim file, there appears to be a plausible basis for dispute. I will send out initial dispute letters to all parties regarding this matter. Please let me know if you have any questions.

IP Address inquiry below:

It appears that the family had opened a fraud investigation with Alight Solutions (United Airlines Benefits Administration) regarding the beneficiary designation changes. Here are the results of their investigation:

- There was a web session on 10/11/2019 at 11:24 AM CT via SSO from United Airlines from IP Address - 50.244.0.245 - *Comcast Cable - Willowbrook, IL 60527*
    - A spouse was added as a beneficiary – Paula Obuchowski with a residential address the same as the customer's address on file
    - Based on a public record search this person appears to be affiliated with this address – Redacted , Brookfield, IL Redacted
- There was a web session on 10/23/2019 at 3:03 PM CT via SSO from United Airlines from IP Address - 104.129.196.85 - *Zscaler - San Jose, CA 95134*
    - The spouse was designated to four benefits as 1/3 Primary for each benefit below:
        - Basic Life Insurance
        - Employee Life Insurance
        - CP-PAI-ADD
        - VOL-PAI-ADD – I don't see that there is a benefit for this plan

Please note that the CP-PAI-ADD and VOL- PAI-ADD are not handled by Securian Financial.

Sincerely,

**Susan Bou-Rodrigues**
Business Operations Sr. Specialist
susan.bou-rodrigues@securian.com

400 Robert Street North, Mail Stop B1-6069, St. Paul, MN 55101-2098
651-665-8224 (office)  |  651-665-6096 (other)  |  877-494-8401 (fax)

**securian** FINANCIAL

Securian Financial Group, Inc.

**EXHIBIT B**





Sincerely,

**Susan Bou-Rodrigues**
Business Operations Sr. Specialist
susan.bou-rodrigues@securian.com

400 Robert Street North, Mail Stop B1-6069, St. Paul, MN 55101-2098
651-665-8224 (office)  |  651-665-6096 (other)  |  877-494-8401 (fax)

# HIPAA QUALIFIED PROTECTIVE AGREEMENT (THE "AGREEMENT")

The purpose of this Agreement is to:

1. Protect a party's right to privacy as guaranteed by article I, section 6 of the Illinois constitution for each party in this lawsuit;

2. Ensure the parties' compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its accompanying rules and regulations governing the disclosure, maintenance, use, and disposal of protected health information (PHI), *see generally* 45 C.F.R. §§ 160.103 & 164.501;

3. Allow for the limited review and discussion of a party's PHI for settlement purposes by the parties' attorneys only; however, nothing in the attached order relieves any covered entity, party, business associate, or their attorneys, attorneys' agents, representatives, or consultants, or various other witnesses, or other personnel who request, receive, or review documents containing PHI, from complying with the requirements of the following statutes and regulations:

   - Mental Health and Developmental Disabilities Confidentiality Act, 7 40
   - ILCS 110/1-17;
   - AIDS Confidentiality Act, 410 ILCS 305/1 - 16;
   - Alcoholism and Other Drug Abuse and Dependency Act, 20 ILCS
   - 301/30-5 -' 10;
   - Any federal statute or regulation protecting certain drug and alcohol
   - records, *see, e.g.,* 42 U.S.C. §§ 290dd-3, 290ee-3; 42 C.F.R. Part 2;
   - Genetic Information Privacy Act, 410 ILCS 513/15 - 50; and
   - Any and all other applicable state and federal laws regulating or governing the disclosure, maintenance, use, and disposal of PHI.

4. Permit parties to receive PHI or what would otherwise be considered PHI to review for settlement purposes only and dispose of PHI or what would otherwise be considered PHI in conformity with all applicable federal laws and regulations and the Illinois Insurance Code and its accompanying rules and regulations.

## Stipulations

A party receiving PHI explicitly stipulates that she or he:

1. Read this Agreement before signing their name to be bound by it;
2. Understands the contents of this Agreement; and
3. Stipulates to the entire contents of this Agreement.

**BASED ON THESE STIPULATIONS AND THE SIGNATURE OF ANY PARTY CONSENTING TO THE LIMITED DISCLOSURE OF PHI AS STATED IN THIS DOCUMENT, THIS AGREEMENT PROVIDES THE FOLLOWING:**

1. The PHI of any party may not be disclosed for any reason without that party's prior written consent or an order of the Court.

2. A party who has disclosed PHI in accordance with the Agreement explicitly waives the right to privacy over the disclosed materials only to the extent provided in this Agreement. The only disclosures explicitly waived and expressly permitted by this Agreement are these:

    A. To parties to review and discuss by and amongst attorneys and dispose of PHI or what would otherwise be considered PHI and to comply and conform with current and future applicable federal and state statutes, rules, and regulations for settlement purposes only.

3. At the conclusion of pre-trial settlement discussions, all parties and other persons or entities subject to this Agreement possessing PHI shall by agreement either return it to the party or non-party about whom it concerns or their attorney of record in this lawsuit or destroy it in compliance with 45 C.F.R. section § 164.512(e), such as by shredding, pulverizing, melting, incinerating, or degaussing.

4. Other than the party who disclosed the PHI or that party's attorney, no other parties or their agents are permitted to request, obtain, or disclose PHI or any other type of medical bills, records, or related information other that through formal discovery procedures authorized by the Code of Civil Procedure, Illinois Supreme Court Rules.

5. The parties are prohibited from including or attaching PHI to any document filed with the Clerk of the Circuit Court. PHI necessary for a Court's consideration of any matter must be provided separately.

Dated:_____    _____
                                                   Attorney(s) for Paula M. Obuchowski